UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

L.S., *et al.*,

    **Plaintiffs**,

v.

                                     Civil Action 2:10-cv-00051
                                     Judge John D. Holschuh
                                     Magistrate Judge E.A. Preston Deavers

JOSEPH A. SCARANO, *et al.*,

    **Defendants**.

## ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 29). For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

In this case, Plaintiffs bring various claims against Defendants arising out of a collision between a tractor-trailer that Defendant Joseph A. Scarano was driving and a horse-drawn buggy that contained Plaintiff L.S. as a passenger. (*See generally* Am. Compl.) Plaintiffs move for leave to file a Second Amended Complaint in order to add a claim for punitive damages.[1] Based on the September 24, 2010 report of Plaintiff's expert Christina Kelly,[2] Plaintiffs specifically maintain that inconsistencies between the DDEC report taken from Defendant Scarano's tractor-trailer and Defendant Scarano's log book indicate that he did not take a proper break under the

---

[1] Plaintiffs attached the proposed Second Amended Complaint to their Motion. (Doc. # 29-1.)

[2] The report of Christina Kelly is also attached to Plaintiffs' Motion. (Doc. # 29-2.)

Federal Motor Carrier Safety Regulations the day before the accident.  (Pls.' Mot. Leave Second Am. Compl. 2–3.)  According to Plaintiffs' proposed Second Amended Complaint, Defendants' conduct, including the failure to comply with applicable driving laws, demonstrates a conscious disregard for the safety of others and caused injuries to Plaintiffs.  (Doc. # 29-1 at ¶¶ 31–32.)  Plaintiffs further contend that Defendants will suffer no prejudice or undue delay from the filing of the Second Amended Complaint.

Defendants oppose Plaintiffs' Motion.  In particular, Defendants contend that Ms. Kelly's opinions, which serve as the basis for Plaintiffs' Motion, "are based on incomplete and incorrect information."  (Defs.' Br. Opp'n 1.)  According to Defendants, facts Ms. Kelly omitted from her report demonstrate that the DDEC records contain errors.  (*Id.* at 2.)  Defendants contend that because the DDEC records are erroneous, Ms. Kelly's findings, which are based on the DDEC records, are also erroneous.[3]  (*Id.*)

Pursuant to the Federal Rules of Civil Procedure, the Court should freely grant a party leave to amend its pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) sets forth "a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'"  *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."  *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008)

---

[3] Defendants also contest Ms. Kelly's findings with regard to Defendant Scarano's qualifications.  (Defs.' Br. Opp'n 3.)

(citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir.2001)). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)).

In this case, the Court finds, based on the liberal standard of Federal Rule of Civil Procedure 15(a), that it should allow Plaintiffs to file their proposed Second Amended Complaint. As Plaintiffs note, a significant amount of time still remains before the discovery deadline. Additionally, the Court does not anticipate that any unfair prejudice will result from allowing the Second Amended Complaint.

To the extent that Defendants maintain that Plaintiffs' proposed Second Amended Complaint would be futile, the Court disagrees. In considering whether an amendment would be futile, the Court typically examines whether the pleading could possibly survive a motion to dismiss. *See Midkiff,* 409 F.3d at 767 (likening futility to a motion to dismiss standard); *see also Foman v. Davis*, 371 U.S. 178, 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") Here, Defendants do not contend that the Second Amended Complaint could not survive a motion to dismiss. Rather, Defendants challenge the weight of the evidence supporting Plaintiffs' proposed Second Amended Complaint. Specifically, Defendants contend that because portions of the relevant DDEC records are erroneous, Ms. Kelly's conclusions, which are based in part on the DDEC records, are also erroneous. (*See* Defs.' Br. Opp'n 2–3.) Defendants then reason that since Plaintiffs' punitive damage claim is based on Ms. Kelly's report, it is without merit. (*Id.* at 3.) While Defendants' contentions may ultimately prove true, the Court finds that it would be premature to consider the weight of Plaintiffs' expert report within the context of

3

addressing whether Plaintiffs may file their Second Amended Complaint.  Rather, if Defendants believe that discovery demonstrates that there are no material facts in dispute and that they are entitled to judgment as a matter of law, then they may file a motion for summary judgment.[4]

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 29).  The Clerk is **DIRECTED** to file Doc. # 29–1 attached to Plaintiffs' Motion as the Second Amended Complaint in this case.

**IT IS SO ORDERED.**

November 8, 2010 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

---

[4] Defendants do request, in the alternative, that the Court hold its decision with regards to Plaintiffs' Motion until Defendants have an opportunity to depose Ms. Kelly.  (Defs.' Br. Opp'n 3.)  Nevertheless, for the reasons described above, the Court finds it unnecessary to delay its ruling on this matter.  Furthermore, based on the generally lenient standards of Federal Rule of Civil Procedure 15(a), the Court is unconvinced that Defendants' desire to avoid "subsequent motion practice" is strong enough support to justify denial of Plaintiffs' Motion.  (*See id.*)