UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

L.S. BY AND THROUGH HER
NATURAL PARENT AND GUARDIAN
EMMANUEL SLABAUGH, *et al.*,

    Plaintiffs,

v.

JOSEPH A. SCARANO, *et al.*,
    Defendants.

Case No. 2:10-cv-51
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston-Deavers

**OPINION AND ORDER**

This matter is before the Court on Joseph A. Scarano's Motion *in Limine* to Exclude Testimony and Evidence Concerning Hours of Service Violations (ECF No. 60) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude Testimony Concerning Hours of Service Violations (ECF No. 69). For the reasons that follow, the Court **DENIES** Scarano's motion.

**I. Background**

This case involves a collision between a horse drawn buggy and a tractor trailer on U.S. Route 62 in Knox County, Ohio that occurred on October 20, 2009. As a result of the collision, L.S. was thrown from the buggy and was pinned under a wheels of the semi truck. L.S. was five years old at the time of the collision and she suffered serious injuries to her arm, leg, and pelvis.

Plaintiffs in this case are L.S. and her parents, Emanuel and Delilah Slabaugh. Plaintiffs have filed claims for relief for negligence, negligence per se, loss of consortium, employer liability, and negligent hiring, training, and entrustment. Defendants are Joseph A. Scarano, the driver of the truck, and A & R Logistics, Inc., Scarano's employer. Defendants have filed counterclaims for negligence on the part of the buggy driver, V.S., L.S.'s sister, and negligence and negligent training, monitoring, and supervision of V.S. by her parents.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly

inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41.

### III. Relevant Federal Rules of Evidence

**A. Rules 401 and 402**

Federal Rule of Evidence 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rule of Evidence 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United State, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**B. Rule 404(a)(3)**

Federal Rule of Evidence 404(a)(3) provides:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except**. . . .** evidence of the character of a witness, as provided in Rules 607, 608, and 609.

**C. Rule 607 and 608(b)**

Federal Rule of Evidence 607 provides:

The credibility of a witness may be attacked by any party, including the party calling the witness.

Federal Rule of Evidence 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

## IV. Discussion

Pursuant to the Federal Motor Carrier Safety Regulations ("FMCSR"), a driver of a tractor trailer is required to maintain written logs detailing when the driver is off duty, driving, on duty but not driving, and in the sleeper berth. 49 C.F.R. § 395.8. In addition to Scarano's written logs, his hours of service were recorded by an Electronic Control Module ("ECM"), which is a device that records engine activity. Plaintiffs' allege that the ECM indicates Scarano's written logs were falsified, while Scarano maintains that his written logs are accurate and the ECM is incorrect.

Scarano anticipates that Plaintiffs will attempt to admit expert testimony and other evidence concerning hours of service violations. Scarano argues that such testimony and evidence are not facts of consequence since the purpose of the regulations was to prevent fatigued drivers, and Plaintiffs' experts testified that fatigue played no role in this accident. Scarano moves to exclude any evidence or testimony that demonstrates that Scarano violated the hours of service regulation contained within the FMCSR, arguing that the evidence and testimony is inadmissible under Federal Rules of Evidence 401 and 402.

In the memorandum in opposition, Plaintiffs do not dispute that there is no evidence that fatigue played a role in the crash. Plaintiffs, however, argue that the evidence is admissible on the issue of Scarano's truthfulness. Plaintiff's argument is well taken.

Federal Rule of Evidence 608(b) permits examination of a witness concerning specific instances of conduct "if clearly probative of truthfulness or untruthfulness." The data obtained from the ECM and the recorded data in the written log are inconsistent, and the parties disagree about whether Scarano falsified his written logs. Thus, the Court finds that evidence of violation of hours of service recorded by the ECM may be probative of the issue of Scarano's character for truthfulness. The Court will give a limiting instruction to the jury related to this evidence, directing them that the purpose of the testimony is for assessing the credibility of Scarano, not to determine his liability related to the collision.

## V. Conclusion

Based on the foregoing, the Court **DENIES** Joseph A. Scarano's Motion *in Limine* to Exclude Testimony and Evidence Concerning Hours of Service Violations. (ECF No. 60.)

**IT IS SO ORDERED**.

           **/s/ Gregory L. Frost**
           **GREGORY L. FROST**
           **UNITED STATES DISTRICT JUDGE**